OPINION OF THE COURT
Bernard M. Bloom, S.
All objections filed by the surviving spouse in this contested accounting proceeding, except those relating to her right to elect against certain United States Treasury bills, were withdrawn after conference with the court.
All issues pertaining to the validity of the spouse’s right to elect against the Treasury bills, purchased by decedent in the joint names of himself and his sister prior to his marriage to the electing spouse, were submitted to the court for determination.
*1038 Based upon the facts and circumstances herein, the court determines that these United States Treasury bills cannot be considered testamentary substitutes against which a surviving spouse can elect for the following reasons:
(1) All inter vivos transactions against which a spouse can elect as testamentary substitutes pursuant to EPTL 5-1.1 (b) are exempt from that right where the transaction occurred prior to the marriage (EPTL 5-1.1 [b] [1]). Even if these Treasury bills were usually considered as testamentary substitutes pursuant to the EPTL, which they are not for the reasons set forth later in the decision, the spouse’s right to elect against them would be nullified by the fact that they were purchased prior to the marriage even though they rolled over during the course of the marriage (Matter of Agioritis, 40 NY2d 646).
(2) Certain money transactions, under EPTL 5-1.1 (b) (2), are never deemed to be testamentary substitutes against which a spouse can elect. Included in this exempt category are "any United States savings bonds payable to a designated person” (EPTL 5-1.1 [b] [2] [C]). The Practice Commentary to EPTL 5-1.1 (Rohan, McKinney’s Cons Laws of NY, Book 17B, at 18) gives a reason for their omission as testamentary substitutes the fact that their inclusion would conflict with existing Federal regulations and present serious constitutional questions.
The United States Department of the Treasury adopted regulations on July 1, 1986 that are found in 31 CFR part 357 and are known as Treasury Direct. One of the purposes for the enactment of Treasury Direct was to override any inconsistent State law concerning Treasury bills so that they would be treated in the exact manner as United States savings bonds. Evidence of the Government’s intent to treat both United States savings bonds and Treasury bills in the same manner thereby enabling them to pass as registered free of the spouse’s right of election is clearly set forth in Appendix A (Discussion of Final Rule) to the Federal regulations (31 CFR part 357). It states:
"Forms of Registration. The proposed rule provides the investor with a variety of registration options. They are essentially similar to those provided for registered, definitive marketable treasury securities. Investors should be particularly aware that, where the security is held in the names of two individuals, the registration chosen may establish rights of survivorship.
*1039 "The reason for establishing the rights of ownership for securities held in Treasury Direct is that it will give investors the assurance that the forms of registration they select will establish conclusively the rights to their book-entry securities. It will also serve to eliminate some of the uncertainties, as well as possible conflicts, between the varying laws of the several States.
"A Federal rule of ownership is being adopted by the Treasury for Treasury Direct securities. This regulatory approach is consistent with the one previously taken in the case of United States Savings Bonds. It will have the effect of overriding inconsistent State laws. See, Free v. Bland, 369 U.S. 663 (1962).”
Accordingly, the Treasury bills in dispute are not testamentary substitutes against which a spouse can elect. The Federal regulations known as Treasury Direct preempted any existing inconsistent State law by mandating that these securities should pass as registered. In order to be consistent with the regulations in Treasury Direct, EPTL 5-1.1 (b) (2) (C) must be construed to include United States Treasury bills within the term United States savings bonds.
All remaining objections are dismissed.